QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Andrea Pallios Roberts (Bar No. 228128)
  andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:      (650) 801-5000
Facsimile:       (650) 801-5100

Attorneys for Plaintiff TIBCO Software Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TIBCO Software Inc., | CASE NO. |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT, AND SPECIFIC PERFORMANCE** |
| vs. | |
| Connecticut General Life Insurance Company (Cigna), | **DEMAND FOR A JURY TRIAL** |
| Defendant. | |

Plaintiff TIBCO Software Inc. ("TIBCO") hereby alleges:

## PARTIES

1.      Plaintiff TIBCO is a Delaware corporation, with its principal place of business at 3303 Hillview Avenue, Palo Alto, California 94304-1213.

2.      Upon information and belief, Defendant Connecticut General Life Insurance Company ("CIGNA") is a Connecticut corporation principally located in Bloomfield, Connecticut, with substantial business operations within this judicial district.

## JURISDICTION

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the copyright laws of the United States, Title XVII of the United States Code, and this Court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367(a) because this action includes claims that are related to the copyright claim and those supplemental claims form part of the same case or controversy as the copyright infringement claim.

4.    Personal jurisdiction exists over CIGNA because it regularly transacts business in the State of California, including within the Northern District of California, resulting in sufficient minimum contacts with this forum.  Personal jurisdiction over CIGNA further exists because CIGNA has an ongoing contractual relationship with TIBCO, a company with its principal place of business in the Northern District of California.  Pursuant to that contractual relationship, CIGNA obtained a license to certain of TIBCO's software, including copyrighted software, and TIBCO's claims against CIGNA arise out of CIGNA's contractual relationship with TIBCO.

5.    Venue for this action is proper in this district pursuant to 28 U.S.C. § 1391.

## INTRADISTRICT ASSIGMENT

6.    Pursuant to Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action may be assigned on a district-wide basis.

## BACKGROUND FACTS

7.    TIBCO is a global leader in infrastructure and business intelligence software. TIBCO's software provides customers with integration, analytics, and event-processing software to use on-premises or as part of cloud computing environments.  As part of its business, TIBCO licenses others to use TIBCO's software for their respective integration needs.

8.    TIBCO has assisted CIGNA and its predecessor in interest, Great West Life, by licensing solutions for their software integration needs.

9.    On September 27, 2001, TIBCO entered into a Software License Agreement with Great West Life ("2001 SLA").  The 2001 SLA has been amended several times.

10.    On information and belief, CIGNA acquired Great West Life in April 2008.  On or before November 26, 2008, TIBCO was put on notice of this acquisition and Great West Life's assignment of the 2001 SLA and amendments thereto to CIGNA.  TIBCO did not object to the assignment of the 2001 SLA and amendments thereto to CIGNA.

11.     The 2001 SLA granted to Great West Life a non-exclusive, perpetual, worldwide license to use a specified number of copies of TIBCO software at Great West Life's premises, solely for Great West Life's or its affiliates' own internal operations and for processing its own data.  The 2001 SLA included cover pages which listed the number of copies of TIBCO software licensed to Great West Life, the type of software (*i.e.*, "server instance"), and the license fees associated with the identified software.  Great West Life was not permitted to make more copies of the software than specified in the cover pages.  The 2001 SLA further provided that if Great West Life desired to increase the number of copies or to license other TIBCO software, it may request the same by submitting an ordering document.

12.     The license granted under the 2001 SLA also allowed for "Enterprise" use of TIBCO's licensed software.  Great West Life was granted a license to an unlimited number of copies of TIBCO software in "productive use" for a period of one year from the effective date of the agreement.  At that time, the existing licenses converted to perpetual, and Great West Life could not make additional copies of the TIBCO software.  Great West Life was to provide TIBCO with notice of the number of copies of TIBCO software then in use within 60 days of the end of the Enterprise period.  Thus, the contract continued in that Great West Life continued to have a perpetual license covering the number of copies of TIBCO software Great West Life had at the end of the Enterprise period.

13.     The 2001 SLA also included provisions addressing maintenance of the licensed TIBCO software.  The maintenance fees were calculated based on a percentage of the license fees.

14.     The 2001 SLA stated that it may not be modified or altered "except by a written instrument duly executed by both parties, expressly stating that it modifies" the agreement.

15.     The 2001 SLA further provided that Great West Life may assign the agreement to a successor in interest as a result of a merger or acquisition of substantially all of the assets of Great West Life, upon written notification to TIBCO.

16.     TIBCO and Great West Life entered into six amendments to the 2001 SLA, on May 24, 2002 (Amendment No. 1), October 22, 2004 (Amendment No. 2), April 13, 2005 (Amendment No. 3), August 16, 2006 (Amendment No. 4), November 16, 2006 (Amendment No. 5), and

November 30, 2006 (Amendment No. 6).  These amendments stated that they superseded any conflicting terms of the 2001 SLA (as amended); otherwise the terms of the SLA remained in full force and effect.  They also added software to the license, and specified license fees and maintenance fees.

17.     Amendment No. 2 included a dispute resolution provision, which required the parties to attempt in good faith to resolve through negotiation any dispute arising out of or relating to the SLA within 60 days of written notice of the dispute.  If the parties are unable to resolve the dispute, they shall endeavor to resolve it through participating in non-binding mediation.  If the dispute is not resolved by non-binding mediation within 90 days of the initiation of such procedure, either party may initiate litigation.  Amendment No. 2 also included an amended definition of "Enterprise," which extended the term of the Enterprise to four years from the effective date, as well as a provision that granted TIBCO the right to request and conduct an audit of Great West Life to ascertain compliance with the terms of the SLA.

18.     Amendment No. 5 included terms for how to count the "processors" on which TIBCO software was licensed to run for the purpose of calculating licensing fees owed.  Amendment No. 6 included the same terms for how to count "processors."

19.     On November 26, 2008, after CIGNA acquired Great West Life, TIBCO and CIGNA entered into Amendment No. 7 to the 2001 SLA.  Amendment No. 7 added additional software to the license, and also addressed license fees and maintenance fees.  It further amended the definition of the term "Enterprise Term," with it running from January 1, 2009 to November 20, 2009.  Amendment No. 7 included the same terms for how to count the "processors" on which TIBCO software was licensed to run for the purpose of calculating licensing fees owed as included in Amendment Nos. 5 and 6.  It further stated that it superseded any conflicting terms of the 2001 SLA (as amended); otherwise the terms of the SLA remain in full force and effect.

20.     On December 30, 2010, TIBCO and CIGNA entered into an Order Form pursuant to the terms of the 2001 SLA ("2010 Order Form").  The 2010 Order Form listed TIBCO software licensed to CIGNA and, for each such software, the units licensed, the number of units licensed, the license type for each, and the term of the license.  The 2010 Order Form further set forth the

1  software license fees and the maintenance fees based upon the TIBCO software, and number of

2  units thereof, licensed under the 2010 Order Form.

3        21.  Through the 2001 SLA and amendments thereto, and the 2010 Order Form, TIBCO

4  granted to CIGNA an Enterprise license to certain software products, including but not limited to

5  the following products, referenced collectively herein as the TIBCO Software:

6       •  TIBCO Hawk 4.9.0

7       •  TIBCO ActiveMatrix Adapter for Database 6.2.0

8       •  TIBCO ActiveMatrix Adapter for Files (Unix/Win) 6.1.0

9       •  TIBCO ActiveMatrix Adapter for MQ Series

10       •  TIBCO Active Matrix® BPM 2.0.0

11       •  TIBCO ActiveMatrix BusinessWorks™ 5.9.0 and 5.9.3 and 6.2.1

12       •  TIBCO Active Matrix® Service Grid 3.1.5

13       •  TIBCO BusinessConnect EDI Protocol 6.4.0

14       •  TIBCO BusinessConnect – EDI Protocol HIPAA Edition 6.4.0

15       •  TIBCO BusinessConnect 6.0.1 and 6.0.2

16       •  TIBCO Enterprise Message Service 6.3.0

17       •  TIBCO Rendezvous

18       •  TIBCO IntegrationManager 5.0.0

19        22.  TIBCO has registrations or has filed copyright applications and related deposits in

20  the United States for the TIBCO Software.

21        23.  CIGNA's Enterprise Term expired on November 20, 2009, pursuant to the terms of

22  Amendment No. 7 to the SLA.  Thereafter, pursuant to the terms of the 2001 SLA, CIGNA had

23  (and continues to have) a perpetual license to the number of copies of TIBCO Software that

24  CIGNA had as of November 20, 2009.

25        24.  In 2012 and 2015, CIGNA provided to TIBCO "deployment reports" recording the

26  number of copies of TIBCO software that CIGNA claimed to have.  TIBCO does not know the

27  precise dates that CIGNA created each of the copies reflected in these reports.  TIBCO's

28  knowledge of the number of copies of TIBCO software CIGNA had was limited to the

-5-

Complaint for Copyright Infringement, Breach of Contract, and Specific Performance

1  representations CIGNA made to TIBCO.  On information and belief, some copies of TIBCO

2  software were created after the November 2009 end of the Enterprise Term.

3         25.    In early 2018, TIBCO retained KPMG to conduct an independent audit of

4  CIGNA's deployment of TIBCO software.  KPMG determined that CIGNA over-deployed the

5  TIBCO Software.  In other words, as of early 2018, CIGNA had more copies of the TIBCO

6  Software than are reported in the deployment reports CIGNA provided to TIBCO and that CIGNA

7  was authorized to make and maintain under the 2001 SLA and amendments thereto.  TIBCO does

8  not know the precise dates that CIGNA created each of the copies reflected in the 2018 KPMG

9  report.  On information and belief, some copies of the TIBCO Software were created after the

10  November 2009 end of the Enterprise Term.  TIBCO was not aware of CIGNA's over-deployment

11  until KPMG discovered it in the 2018 KPMG audit.

12         26.    Thus, upon information and belief, CIGNA has made and used unauthorized copies

13  of the TIBCO Software.

14         27.    CIGNA's over-deployment also resulted in CIGNA having underpaid the fees

15  owed to TIBCO for maintenance and support of the TIBCO Software.

16         28.    CIGNA refused to pay the amount it owes to TIBCO in license fees and

17  maintenance and support fees based upon CIGNA's over-deployment of TIBCO Software.

18         29.    Pursuant to the requirements set forth in Amendment No. 2 to the 2001 SLA, on

19  January 30, 2019, TIBCO and CIGNA participated in a mediation to try to resolve their dispute.

20  The parties were unable to resolve the dispute through mediation.  TIBCO complied with the

21  mediation requirements set forth in Amendment No. 2 to the 2001 SLA.

22                          **FIRST CLAIM FOR RELIEF**

23              **Copyright Infringement – 17 U.S.C. §§ 101, *et seq.***

24         30.    Plaintiff TIBCO incorporates by reference each of the allegations contained in the

25  foregoing Paragraphs 1 through 29.

26         31.    In compliance with the Copyright Regulations, TIBCO has registered or filed with

27  the Copyright Office copyright applications, registration fees, and deposits of the works being

28

registered.  TIBCO is the owner or exclusive licensee of all right, title and interest to the registrations and copyright applications for the TIBCO Copyrighted Software.

32.     The TIBCO Copyrighted Software at issue here is set forth in the table below.  The effective date of each application and copyright registration is the day on which the application, deposit and fee were received in the Copyright Office.  17 U.S.C. § 410(d).  For each of the works for which a registration has not yet issued, TIBCO submitted an application, deposit, and fee to the U.S. Copyright Office on the indicated date.

| TIBCO Copyrighted Software | Title of Work | Registration Number or Pending Application Number | Effective Date |
|---|---|---|---|
| TIBCO Hawk 4.9.0 | TIBCO Hawk 4.9.0 | App. No. 1-7240650271; Reg. No. TX 7-845-818 | App. December 19, 2018; Reg. 2014 |
| TIBCO ActiveMatrix Adapter for Database 6.2.0 | TIBCO ActiveMatrix Adapter for Database 6.0.0 | Reg. No. TX 7-930-438 | 2014 |
| TIBCO ActiveMatrix Adapter for Files (Unix/Win) 6.1.0 | TIBCO ActiveMatrix Adapter for Files (Unix/Win) 6.0.0 | Reg. No. TX 7-930-465 | 2014 |
| TIBCO ActiveMatrix Adapter for MQ Series 6.2.1 | TIBCO ActiveMatrix Adapter for Websphere MQ 6.0.0 | Reg. No. TX 7-930-472 | 2014 |
| TIBCO ActiveMatrix BPM 2.0.0 | TIBCO ActiveMatrix BPM 2.0.0 | App. No. 1-7240650356 | December 19, 2018 |
| TIBCO ActiveMatrix BusinessWorks 5.9.0 | TIBCO BusinessWorks 5.1.2 | App. No. 1-7246777505; Reg. No. TX 7-936-377 (5.1.2) | App. December 21, 2018; Reg. 2014 |
| TIBCO ActiveMatrix BusinessWorks 5.9.3 | TIBCO BusinessWorks 5.1.2 | App. No. 1-7246777505; Reg. No. TX 7-936-377 (5.1.2) | App. December 21, 2018; Reg. 2014 |
| TIBCO ActiveMatrix BusinessWorks | TIBCO ActiveMatrix BusinessWorks 6.2.0 | App. No. 1-7240650819 (6.2.0); Reg. No. TX 8-360-723 (6.0.0); | App. December 19, 2018; |

-7-

| | | | |
|---|---|---|---|
| 6.2.1 | | | Reg. 2017 |
| TIBCO ActiveMatrix BusinessWorks 6.2.1 | TIBCO ActiveMatrix BusinessWorks 6.2.1 | App. No. 1-7240650978 (6.2.1); Reg. No. TX 8-360-723 (6.0.0); | App. December 19, 2018; Reg. 2017 |
| TIBCO ActiveMatrix® Service Grid 3.1.5 | TIBCO ActiveMatrix® Service Grid 3.0.0 | App. No. 1-7240699203 (3.0.0); Reg. No. TX 7-928-621 (2.0.0) | App. December 19, 2018; Reg. 2014 |
| TIBCO BusinessConnect EDI Protocol 6.4.0 | TIBCO BusinessConnect EDI Protocol powered by Instream 6.0.0 | App. No. 1-7240699336 | December 19, 2018 |
| TIBCO BusinessConnect – EDI Protocol HIPAA Edition 6.4.0 | TIBCO BusinessConnect EDI Protocol powered by Instream 6.0.0 | App. No. 1-7240699336 | December 19, 2018 |
| TIBCO BusinessConnect 6.0.1 | TIBCO BusinessConnect 6.0.1 | Reg. No. TX 7-602-758 (5.0.0); Reg. No. TX 7-602-754 (6.0.0) | 2012 |
| TIBCO BusinessConnect 6.0.2 | TIBCO BusinessConnect 6.0.2 | Reg. No. TX 7-602-758 (5.0.0); Reg. No. TX 7-602-754 (6.0.0) | 2012 |
| TIBCO Enterprise Message Service 6.3.0 | TIBCO Enterprise Message Service 6.0.0 | App. No. 1-7240699574; Reg. No. TX 7-924-968 (5.0.0) | App. December 19, 2018; Reg. 2014 |
| TIBCO Enterprise Message Service 6.3.0 | TIBCO Enterprise Message Service 6.3.0 | App. No. 1-7240699574; Reg. No. TX 7-924-968 (5.0.0) | App. December 19, 2018; Reg. 2014 |
| TIBCO Rendezvous Enterprise Daemon 6.3.0 | TIBCO Rendezvous 6.0.0 | App. No. 1-7324091881 | January 14, 2019 |
| TIBCO Rendezvous Enterprise Daemon 6.3.0 | TIBCO Rendezvous 6.3.0 | App. No. 1-7324092044 | January 14, 2019 |
| TIBCO Rendezvous Developer 8.4.0 | TIBCO Rendezvous 8.4.0 | App. No. 1-7246777432; Reg. No. TX 7-924-291 (8.0.0) | App. December 21, 2018; Reg. 2014 |

-8-

| TIBCO IntegrationManager 5.0.0 | TIBCO IntegrationManager 4.1.0 | App. No. 1-7246777221 | December 21, 2018 |
|---|---|---|---|
| TIBCO IntegrationManager 5.0.0 | TIBCO IntegrationManager 5.0.0 | App. No. 1-7240699669 | December 19, 2018 |
| TIBCO IntegrationManager 5.0.0 | TIBCO IntegrationManager 5.0.1 | App. No. 1-7246777317 | December 21, 2018 |

33.     The TIBCO Copyrighted Software is composed of original works of authorship that are copyrightable subject matter under the copyright laws of the United States.  17 U.S.C. §§ 101, *et seq.*  TIBCO has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in, to and under the copyrights in the copyrighted TIBCO Copyrighted Software, and/or submitted an application, deposit, and fee to the U.S. Copyright Office for the TIBCO Copyrighted Software.

34.     As the owner or exclusive licensee in the United States of the copyrights in the TIBCO Copyrighted Software, TIBCO enjoys the exclusive right to, among other things, reproduce, make derivative works of, display, and distribute the TIBCO Copyrighted Software. 17 U.S.C. §§ 101, 106.

35.     Upon information and belief, CIGNA has been reproducing, distributing, displaying, making derivative works, and/or using the copyrighted TIBCO Copyrighted Software without authorization from TIBCO.

36.     CIGNA has infringed the copyrights in the TIBCO Copyrighted Software by, *inter alia*, making, and continuing to make, unlicensed copies, distributions, displays, derivative works, and/or reproductions of TIBCO Copyrighted Software.

37.     At all times relevant hereto, CIGNA has been aware or should have been aware of the existence of TIBCO's copyrights in the TIBCO Copyrighted Software, and therefore CIGNA is a willful infringer of TIBCO's copyrights and exclusive rights.

38.     TIBCO lost profits as a result of CIGNA's copyright infringement, at least based on CIGNA's failure to pay license and maintenance fees for the unlicensed copies of TIBCO

Copyrighted Software.  On information and belief, CIGNA generated profits on the basis of its infringement of TIBCO's copyrights in the TIBCO Copyrighted Software.  TIBCO is entitled to recover from CIGNA the damages it has sustained as a result of these wrongful acts.

39.     The infringement of TIBCO's exclusive rights to the copyrights by CIGNA will cause imminent harm to TIBCO's reputation and goodwill unless restrained by this Court. CIGNA's infringement will irreparably harm TIBCO's business and deprive it of a competitive advantage.  TIBCO has no adequate remedy at law for CIGNA's infringement.

**SECOND CLAIM FOR RELIEF**

**Breach of Contract**

40.     Plaintiff TIBCO incorporates by reference each of the allegations contained in the foregoing Paragraphs 1 through 39.

41.     Since September 20, 2001, the 2001 SLA, as modified from time to time by its amendments, governed CIGNA's right to use the TIBCO Software.

42.     Under the terms of the 2001 SLA and its amendments, CIGNA was granted a perpetual license to the copies of the TIBCO Software that it had at the time that the latest Enterprise Term ended.  In consideration, CIGNA would pay the agreed-upon license fees. CIGNA was obligated to provide TIBCO with a deployment report within 60 days after the end of the Enterprise Term.

43.     Under the terms of the 2001 SLA and its amendments, CIGNA was also required to pay maintenance and support fees to TIBCO for maintenance and support services TIBCO provided to CIGNA.

44.     CIGNA made more copies of the TIBCO Software than reflected in the deployment report CIGNA provided to TIBCO, and thus more copies than authorized under the 2001 SLA and amendments thereto.  CIGNA did not pay TIBCO the license or maintenance fees otherwise due in connection with the additional copies CIGNA made of TIBCO Software.

45.     TIBCO performed all conditions, covenants and promises under the 2001 SLA and its amendments.

46.     By at least failing to pay the required license fees and failing to pay the required maintenance and support fees, CIGNA breached the terms of the 2001 SLA.

47.     TIBCO was damaged as a result of CIGNA's breach at least based on CIGNA's failure to pay license and maintenance fees for the unlicensed copies of TIBCO Software.  TIBCO is entitled to recover from CIGNA the damages it has sustained as a result of CIGNA's wrongful acts.

48.     TIBCO has been and is continually and irreparably damaged as a result of CIGNA's breaches of the 2001 SLA, and has no adequate remedy at law.  CIGNA's unlawful conduct will continue to damage TIBCO unless enjoined by this Court.

## THIRD CLAIM FOR RELIEF

### Specific Performance

49.     Plaintiff TIBCO incorporates by reference each of the allegations contained in the foregoing Paragraphs 1 through 48.

50.     TIBCO and CIGNA entered into the 2001 SLA and associated amendments that governed CIGNA's right to use the TIBCO Software that is sufficiently definite and certain in its terms to be enforced.

51.     The consideration was adequate and the 2001 SLA was just and reasonable as to CIGNA.

52.     TIBCO performed all conditions, covenants and promises under the 2001 SLA.

53.     By at least failing to pay required license fees and failing to pay the required maintenance and support fees, CIGNA breached the terms of the 2001 SLA.

54.     TIBCO has been and is continually and irreparably damaged as a result of CIGNA's breaches, and has no adequate remedy at law.  CIGNA's unlawful conduct will continue to damage TIBCO unless enjoined by this Court.

55.     CIGNA cannot rely upon the statute of frauds as an affirmative defense in this action.

1

**PRAYER FOR RELIEF**

2        WHEREFORE, Plaintiff TIBCO prays for judgment to be entered against CIGNA as

3  follows:

4              a.      Declare that CIGNA has infringed TIBCO's copyrighted TIBCO

5  Copyrighted Software.

6              b.      Declare that CIGNA has breached the 2001 SLA and amendments thereto.

7              c.      Pursuant to 17 U.S.C. § 502, temporarily, preliminarily, and permanently

8  enjoin CIGNA, its officers, agents, servants, employees and attorneys, and all persons in active

9  concert or participation with them, from infringing the copyrighted TIBCO Copyrighted Software

10  in any manner, and from reproducing and preparing derivative works from the copyrighted TIBCO

11  Copyrighted Software.

12            d.      Pursuant to 17 U.S.C. § 503, order the impounding of all unlicensed copies,

13  including all executing and archival copies of the copyrighted TIBCO Copyrighted Software.

14            e.      Pursuant to 17 U.S.C. § 504, order an accounting of all gains, profits and

15  advantages derived by CIGNA from its copyright infringement, and order CIGNA to pay to

16  TIBCO the actual damages that TIBCO has sustained, including TIBCO's lost profit, lost

17  licensing revenue, lost maintenance support fees, and CIGNA's profits attributable to its copyright

18  infringement, including treble damages for willful infringement.

19            f.      Enter judgment against CIGNA in an amount equal to TIBCO's actual

20  damages as determined by the Court.

21            g.      Enter judgment in TIBCO's favor and against CIGNA for breach of the

22  2001 SLA, in an amount to be determined, plus any interest allowed by law.

23            h.      Order CIGNA to specifically perform the covenants agreed to in the 2001

24  SLA.

25            i.      Grant such other and further relief as the Court may deem just and proper.

26

27

28

05999-00009/10428490.9

Complaint for Copyright Infringement, Breach of Contract, and Specific Performance

1   DATED:  March 1, 2019                   Respectfully submitted,

2                                           QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
3

4

5                                           By _____/s/ Claude M. Stern_____
                                                Claude M. Stern
6                                               Attorneys for Plaintiff TIBCO Software Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Copyright Infringement, Breach of Contract, and Specific Performance